**Surinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General,[*] Respondent.**

No. 02–73888.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.[**]

Decided June 23, 2004.

---

[*] The court sua sponte changes the docket, pursuant to 8 U.S.C. § 1252(b)(3)(A), to reflect that John Ashcroft, Attorney General, is the proper respondent.

[**] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, Rohit Dharwadkar, Law Offices of Hardeep Singh Rai, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Margaret Taylor, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, LEAVY and FISHER, Circuit Judges.

*** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM ***

Surinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's decision. Singh's testimony was not credible because it lacked specificity, was unresponsive, and appeared to be scripted and memorized. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1152–53 (9th Cir.1999); *cf. Singh v. Ashcroft*, 301 F.3d 1109, 1114 (9th Cir.2002). Moreover, substantial evidence supports the adverse credibility finding based on Singh's failure to identify himself. *See Singh–Kaur*, 183 F.3d at 1152–53; *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (upholding adverse credibility finding where the IJ's "credibility findings went to key elements of the asylum application, including identity . . ."). Singh has not shown that the documentary evidence presented compelled a contrary conclusion in order to overcome the special deference accorded to credibility determinations. *See Malhi*, 336 F.3d at 993.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Singh waived his CAT claim because he did not exhaust administrative remedies, courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and it was not properly argued in his brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004); *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.